UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HEATHER NEISEN, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:24-cv-01013 |
| ALLISON RENFRO, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Heather Neisen has filed a pro se action under state and federal law against Defendant Allison Renfro, a Tennessee lawyer. In her Amended Complaint (Doc. No. 5), Plaintiff asserts claims of harassment, extortion, and defamation under Tennessee law, and federal claims of racketeering under the Racketeer Influenced and Corrupt Organizations Act (RICO), conspiracy to violate civil rights under 42 U.S.C. § 1985, and obstruction of justice under 18 U.S.C. § 1503. (Id. at 2–3). Plaintiff did not pay the civil filing fee but filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2).

The case is before the Court for ruling on the IFP application and preliminary review of the Amended Complaint.

### I. IFP APPLICATION

Plaintiff's IFP application lists monthly expenses that approximate her spouse's monthly income, and minimal assets. It therefore appears that Plaintiffs cannot pay the $405 civil filing fee "without undue hardship." Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x

239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

### A. LEGAL STANDARD

The Court must conduct an initial review and dismiss the Amended Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also Ongori v. Hawkins, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009).

### B. ANALYSIS

1. Facts

The Amended Complaint's "Factual Allegations" section states that Defendant has continually harassed Plaintiff by "making false allegations, slandering, and defaming Plaintiff's name in court filings and emails"; has "colluded to abduct Plaintiff's children under color of state

2

law and has participated in racketeering activities as part of a crime syndicate"; and "has falsely claimed that Plaintiff has a mental illness and has made other false allegations to the detriment of Plaintiff and her children," causing "emotional distress, reputational harm, and other damages." (Doc. No. 5 at 1). Plaintiff alleges that Defendant acted "in concert with others" to disrupt her family life in violation of her constitutional rights, but she does not identify any of the other actors. (Id. at 3).

2. Conclusions

The Amended Complaint invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332, while also clearly alleging that Plaintiff resides in Tennessee and Defendant "is a practicing attorney in the State of Tennessee." (Doc. No. 5 at 1). Defendant's business address is in Murfreesboro, Tennessee. (See Doc. No. 6 at 2). Because both parties are citizens of the same state, jurisdiction based on diversity of citizenship is defeated. Nevertheless, federal subject-matter jurisdiction is also properly exercised over cases that present a question of federal law, Miller v. Bruenger, 949 F.3d 986, 990 (6th Cir. 2020), and the Amended Complaint raises federal questions. However, as explained below, even if the Amended Complaint is liberally construed to invoke federal-question jurisdiction, the federal claims asserted by Plaintiff are not viable and this action must therefore be dismissed.

The Amended Complaint contains a civil RICO claim charging Defendant with "racketeering activities as part of a crime syndicate." (Doc. No. 5 at 1). The aim of this alleged racketeering enterprise is presumably to interfere with Plaintiff's custody of her children. But "[t]he civil RICO statute, 18 U.S.C. § 1964(c), creates a cause of action for '[a]ny person injured in his *business* or *property* by reason of a violation of [18 U.S.C. §] 1962.'" Joseph v. Jahwary, 444 F. Supp. 3d 801, 811 (E.D. Mich. 2020) (quoting Aces High Coal Sales, Inc. v. Cmty. Bank

3

& Tr. of W. Georgia, 768 F. App'x 446, 453 (6th Cir. 2019)) (emphasis added). Plaintiff must therefore allege injury to her business or property in order to state a civil RICO claim for damages. Jackson v. Sedgwick Claims Mgmt. Servs., Inc., 731 F.3d 556, 562 (6th Cir. 2013). Parents have a liberty interest, not a property interest, in the care and custody of their children. Troxel v. Granville, 530 U.S. 57, 65 (2000); Hooks v. Hooks, 771 F.2d 935, 941 (6th Cir. 1985). Furthermore, the bald allegation that Defendant is "part of a crime syndicate" is entirely speculative, lacking any factual or legal foundation. See Dallas v. Holmes, 137 F. App'x 746, 753 (6th Cir. 2005). For these reasons, Plaintiff's civil RICO claim must be dismissed.

The Amended Complaint also claims that Defendant is guilty of obstruction of justice under 18 U.S.C. § 1503. (Doc. No. 5 at 3). But Section 1503 is a criminal statute that prohibits threatening, intimidating, or retaliating against a federal juror or federal court officer, see 18 U.S.C. § 1503; Robertson v. Janoski-Haehlen, No. 5:22 CV 1652, 2022 WL 17340352, at *3 (N.D. Ohio Nov. 30, 2022); its prohibitions cannot be enforced in a civil suit. DePolo v. Ciraolo-Klepper, 197 F. Supp. 3d 186, 191 (D.D.C. 2016) (finding that "[t]here is no private right of action to enforce," e.g., § 1503).

The final federal claim presented in the Amended Complaint is a claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1985. The allegations in support of this claim are that "Defendant has colluded to abduct Plaintiff's children under color of state law," and that such "actions, in concert with others, constitute a conspiracy to deprive Plaintiff of her rights, including but not limited to, the right to familial integrity and due process," "causing harm and injury to Plaintiff and her children." (Doc. No. 5 at 1, 3).

As relevant here, Section 1985 creates a cause of action for damages in favor of a person deprived of rights or privileges, against persons who "conspire for the purpose of impeding,

4

hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws," 42 U.S.C. § 1985(2), or who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." Id. § 1985(3). A complaint that "makes broad, conclusory allegations without facts to support a conspiracy theory," or that fails to allege "membership in a protected class, and discrimination based upon such membership" so as to implicate concerns of equal protection under the law, does not state a viable claim under Section 1985. Dallas, 137 F. App'x at 752; see Moniz v. Cox, 512 F. App'x 495, 500 & n.2 (6th Cir. 2013) (finding that, under either § 1985(2) or (3), "a plaintiff must allege that there was some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." (citation and internal quotation marks omitted)). The Section 1985 claim in this case is alleged in terms that are entirely conclusory with respect to the claimed conspiracy, and that do not hint at any class-based animus behind Defendant's actions. It must therefore be dismissed.

"Because there is no diversity of citizenship between the parties, the only basis for a federal court to exercise jurisdiction over [Plaintiff's] remaining state-law claims would be under the supplemental-jurisdiction provisions of 28 U.S.C. § 1367." Weser v. Goodson, 965 F.3d 507, 518–19 (6th Cir. 2020). However, "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." Id. (citing Brooks v. Rothe, 577 F.3d 701, 709 (6th Cir. 2009)). Accordingly, the Amended Complaint's claims under Tennessee law will be dismissed without prejudice to Plaintiff's ability to pursue them in state court.

5

## III. CONCLUSION

For the above reasons, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state any viable claim within the original jurisdiction of this Court. The dismissal is without prejudice to Plaintiff's ability to pursue her state-law claims in state court.

In light of this outcome, the motions pending in this matter (Doc. Nos. 6 and 7) are **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE